CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 06, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

|  |  |  |
|---|---|---|
| **SHANE D. POLLARD,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:26CV00351 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DAVID ANDERSON, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondents. | ) | |

*Shane D. Pollard, Pro Se.*

The plaintiff, a Virginia inmate proceeding pro se, filed this action as a Writ of Habeas Corpus under 28 U.S.C. § 2241, claiming that prison officials' decision to transfer him to a different facility following a disciplinary proceeding violated the Constitution, Virginia Department of Corrections (VDOC) policy, and Virginia law. He seeks injunctive or monetary relief.  Upon review, I conclude that the petition must be summarily dismissed.[1]

## I.

According to the petition and its attachments, Pollard is currently incarcerated at Red Onion State Prison (Red Onion) in Pound, Virginia, after being transferred

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), a court may summarily dismiss a petition when it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief.

there from Keen Mountain Correctional Center (Keen Mountain) in Oakwood, Virginia. Both prisons are VDOC facilities. Pollard is serving a state sentence imposed in 2023.

On October 31, 2025, while housed at Keen Mountain, Pollard "assaulted multiple staff members," struck a canine and an "officer with closed fists in the left cheek," and refused orders. Pet. Ex. 28, Dkt. No. 1-1. He then received a disciplinary offense that resulted in the Institutional Classification Authority (ICA) recommending that he be assigned to a higher security level and transferred to Red Onion. The ICA reasoned that "Pollard would benefit from the more secure and structure[ed] environment and self-change programs." *Id.* Ex. 4, 28, 29, Dkt. No. 1-1. On review, the ICA recommendations were approved, and Pollard was ultimately transferred to the Red Onion facility as an "S – Segregation" security level inmate. *Id.* Ex. 28, 29, Dkt. No. 1-1.

Before this court, Pollard claims that his Fourth and Fifth Amendment rights were violated because he was "illegally seized from a level 4 prison without due process . . . and subjected to long-term segregation" when he has "no record of assaults." Pet. 7, Dkt. No. 1. He further asserts that the security level change was in violation of VDOC policy and that the transfer constitutes false imprisonment, illegal detainment, abduction, and kidnapping under Virginia law. In so claiming, Pollard requests that the court order the respondents to transfer him to a lower

-2-

security level prison in the Eastern District of Virginia and pay a fine for his time held in segregation. Alternatively, Pollard states that he "can pursue damages in 1983 action." *Id.* at 8.

II.

Pollard has submitted this case under 28 U.S.C. § 2241, using a Petition for Writ of Habeas Corpus form. Section 2241 serves as a vehicle for federal prisoners to challenge the execution of their sentence. At the outset, I must clarify that because Pollard is a state prisoner in custody on a state sentence, the proper habeas mechanism applicable to Pollard's factual circumstances would fall under § 2254. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) (concluding that "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254'").

In any event, a petition for habeas corpus may not be used to oppose prison placement or level of custody, unless such penalties impact the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus petitions are reserved for attacks on the fact or duration of the petitioner's confinement); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (determining that "[i]t is well settled that challenges to the fact or length of confinement are properly considered in the context of habeas corpus" while challenges to the conditions of

one's confinement are properly brought as civil rights actions); *see also Rodriguez v. Streeval*, No. 7:20cv373, 2020 WL 3840424, at *2 (W.D. Va. July 8, 2020) ("Challenges to a federal prisoner's custody classification . . . are thus not cognizable in habeas under § 2241."). Here, Pollard brings claims regarding his security level reclassification and resulting transfer to Red Onion. As a result, he does not attack the fact or duration of his sentence; rather, he contends that the custody classification negatively affects the conditions of his confinement.

In an effort to challenge the conditions of his confinement, Pollard may have intended to file this action under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). This is apparent particularly where Pollard seeks monetary remedies and has put forth no evidence that the outcome from the disciplinary proceeding impacted the duration of his confinement or deprived him of good time credit. *See Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017) (unpublished) (explaining that "courts have generally held that a § 1983 suit or a *Bivens* action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not" and "only [a petitioner's] deprivation of good conduct time is cognizable" under a habeas proceeding).

Even so, prisoners do not have a due process liberty interest in remaining free from discretionary transfers to less agreeable prisons or being housed in a particular institution. *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (disagreeing with the lower court's proposition that the due process clause requires hearings when prison authorities transfer a prisoner to another institution because of his breach of prison rules); *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991) (determining that an inmate's place of confinement is necessarily subject to the broad discretion of those managing the prison). Therefore, Pollard's pleading, regardless of its statutory categorization, must be dismissed.[2]

It follows that because Pollard's federal claims cannot survive, I decline to exercise jurisdiction over any potential state-law claims asserted. *See Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) ("'Generally, when a district court dismisses all federal claims in the early stages of litigation . . . it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice.'" (quoting *Banks v. Gore*, 738 F. App'x 766, 773 (4th Cir. 2018)).

### III.

---

[2] To the extent that Pollard contends that the respondents have in some way failed to follow VDOC policy, such claims are insufficient to support a claim that he was deprived of federal due process rights. *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990).

Accordingly, Pollard's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 will be dismissed without prejudice.  A separate Judgment will be entered.

ENTER:   May 6, 2026

/s/  JAMES P. JONES
Senior United States District Judge